UNITED STATES of America,
Plaintiff—Appellee,

v.

Lema ARMSTEAD, Defendant—
Appellant.

No. 04–30108.

United States Court of Appeals,
Ninth Circuit.

Argued March 9, 2005.

Submitted Aug. 8, 2005.

Decided Aug. 8, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jo Ann Farrington, Esq., Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Scott A. Sterling, Esq., Sterling & Dearmond, Wasilla, AK, for Defendant–Appellant.

Before: GOODWIN, FERNANDEZ, and GOULD, Circuit Judges.

### MEMORANDUM *

Lema Armstead appeals his jury conviction on one count of unlawful possession of a firearm (18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2)) and three counts of making a material false statement to acquire a firearm (18 U.S.C. §§ 922(a)(6), 924(a)(2)), contending his Sixth Amendment rights were violated because only one member of his 48–member jury venire panel was African American. Armstead also challenges his sentence on Sixth Amendment grounds. We affirm the conviction, but remand to the district court for limited reconsideration of Armstead's sentence.

Armstead notes that only one of the 48 jurors on his venire panel was African American, and on that basis argues that the jury selection proceedings in the district court violated his Sixth Amendment right to a jury selected from a fair cross-section of the community. However, Armstead fails to establish any colorable Sixth Amendment violation here because he has made no showing that African Americans are systematically excluded from the juror selection process, or that there is a disparity between the racial

composition of the community and the racial composition of the population called for jury service. *See Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); *United States v. Nelson,* 137 F.3d 1094, 1101 (9th Cir.1998).

 In addition, Armstead raises for the first time on appeal a Sixth Amendment challenge to his sentence. Because the Sentencing Guidelines are no longer binding-and we cannot ascertain whether the district court would have imposed a different sentence under a discretionary regime-we remand Armstead's sentence to the district court for reconsideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). For the purpose of determining the appropriate starting point for sentencing Armstead on remand, we hold that the district court did not clearly err in denying a downward departure for acceptance of responsibility on the facts of this case. U.S.S.G. § 3E1.1 cmt. n. 2; *United States v. Nielsen,* 371 F.3d 574, 582–83 (9th Cir.2004).

The judgment of conviction is AFFIRMED. The cause is REMANDED for reconsideration of the defendant's sentence.